IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DMAN THOMAS, Individually and On Behalf of All Others Similarly Situated, § § § § | | |
| *Plaintiffs*, § | | |
| v. § | CIVIL ACTION NO.: _____ | |
| ARGOS USA, LLC § § § | JURY DEMANDED | |
| *Defendant*. § | | |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

DMAN THOMAS ("Plaintiff"), file this lawsuit as a collective action against ARGOS USA, LLC ("Defendant") to recover unpaid overtime wages, lost wages, liquidated damages, and attorney's fees, and for cause of action would show the following:

## I. NATURE OF CLAIMS

1. This is a collective action filed under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA") to correct unlawful employment practices, including Defendant's failure to abide by wage and hour laws. This collective action seeks to recover unpaid wages and other damages owed by Defendant to its current and former employees.

## II. JURISDICTION AND VENUE

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because it is the district in

which Defendant resides.

### III.   THE PARTIES

4.  Plaintiff is an individual residing n Houston, Harris County, Texas. Plaintiff is a former employee of Defendant.

5.  Defendant Argos USA, LLC, is a Georgia corporation which conducts business in the State of Texas. Defendant may be served by serving its registered agent Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

### IV.   FACTS

6.  At all times relevant to this lawsuit, Defendant Argos was, and remains, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203, and is subject to the FLSA.

7.  Defendant Argos USA, LLC ("Argos" or "Defendant"), produces and distributes cements and aggregates, offering the sale and services for portland cement, masonry, block, and ready mix concrete.

8.  Defendant Argos' annual revenues exceeded $500,000 in each of the last five years.

9.  Defendant employed Plaintiff at all relevant times within the meaning of the FLSA. 29 U.S.C. § 203(g).

10. In performing his duties for Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce.

11. Plaintiff was employed in an enterprise engaged in commerce or in the production of goods for commerce.

12. Plaintiff was employed as a plant supervisor.

13. Plaintiff did not have any formal training, did not have the power to hire or fire

employees and was not engaged in office and/or non-manual work. Plaintiff often has to perform duties as a driver or loader or "batch man." Plaintiff's other duty involved mixing the concrete.

14. Plaintiff performs no administrative duties beyond working the machine which mixes concrete, timekeeping and disciplining employees on occasion.

15. Plaintiff customarily and regularly worked many hours in excess of forty (40) hours per week. In performing his duties, Plaintiff routinely works up to, and in excess of, 60-70 hours per week.

16. Upon information and belief, other similarly situated employees also customarily and regularly work many hours in excess of forty (40) hours per week and were paid in a fashion similar to Plaintiff.

17. The work performed by Plaintiff and other similarly situated employees was within Defendant's knowledge. Defendant set Plaintiff's and similarly situated employees' schedules, assigned work, and supervised the work.

18. Plaintiff and similarly situated employees are and were entitled to overtime at one-and-one-half times their regular rates of pay for all hours worked in excess of forty in a workweek. Defendant did not pay Plaintiff and similarly situated employees one and one half times their regular rates of pay for hours worked in excess of forty per week.

19. Defendant manipulated payroll records to make it appear that Plaintiff was an exempt employee who was not eligible for overtime by paying him a "salary," and forcing him to work beyond forty hours a week without pay.

20. Defendant's manipulation of time and payroll records violates the FLSA's record-keeping requirements, 29 U.S.C. § 211 and demonstrates the Defendant's willful and intentional conduct designed to skirt the requirements of the FLSA.

### V. FIRST CAUSE OF ACTION: OVERTIME VIOLATIONS

21. Plaintiff reasserts and incorporate by reference all of the above numbered paragraphs.

22. Plaintiff was engaged in nonexempt manual labor, as set forth above.

23. As a non-exempt employee, Plaintiff was legally entitled to be paid at one-and-one-half times his regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek.

24. Defendant failed to pay Plaintiff at one-and-one-half times his regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek in violation of the FLSA 29 U.S.C. § 207.

25. As a result, Plaintiff did not receive the compensation he was legally entitled to receive.

26. Defendant's violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiff's rights.

27. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to reimbursement of unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

### VI. COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff reasserts and incorporate by reference all of the above numbered paragraphs.

29. Upon information and belief, many other similarly situated employees employed by Defendant over the last three (3) years have been victimized by Defendant's violations of the FLSA.

30. As set forth above, Plaintiff is aware of other employees who perform similar work for Defendant.

31. These employees should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216 (b).  The class is properly identified as:

> All persons who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at any business that was owned, operated, and/or acquired by Defendant, who were not paid overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) per week.

32. Defendant's practice of not paying employees similarly situated to Plaintiff at one-and-one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per each seven (7) day workweek is in direct violation of the FLSA.

33. As a result of Defendant's willful violations of the FLSA, the similarly situated employees are entitled to reimbursement of unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## VII.   Jury Demand

34. Plaintiff demands a jury on all issues to be tried in this matter.  Plaintiff has submitted the jury demand and herein submits the jury fee.

## VIII.   Prayer

35. For the reasons set forth above, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and for the following relief:

   a. that the Court enter an order allowing this action to proceed as a collective action under the FLSA and directing notice to any and all similarly situated employees;

   b. judgment awarding Plaintiff and similarly situated employees all unpaid overtime wages, lost wages, liquidated damages, attorneys' fees and costs under the FLSA;

   c. an award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

   d. all such other and further relief to which Plaintiff and similarly situated employees may show themselves to be justly entitled.

Respectfully Submitted,

_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District Bar No. 713316
5433 Westheimer, Suite 825
Houston Texas 77076
Main: 713.742.0900
Fax: 713.742.0951
alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

6