UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DMAN THOMAS, Individually and on Behalf of Similarly Situated Individuals, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION H-19-1941 |
| ARGOS USA, LLC, | § § § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are (1) a motion for conditional certification filed by plaintiff Dman Thomas (Dkt. 5); and (2) a motion to dismiss Thomas's collective action claims filed by defendant Argos USA, LLC ("Argos") (Dkt. 12). After considering the motions, the response to the motion for conditional certification, and applicable law, the court is of the opinion that the motion for conditional certification (Dkt. 5) should be DENIED, and the motion to dismiss the collective action claims asserted in Argos's complaint (Dkt. 12) should be GRANTED.

**I. BACKGROUND AND ANALYSIS**

This is a Fair Labor Standards Act ("FLSA") case brought by Thomas on behalf of himself and other similarly individuals. Dkt. 1. Thomas was a plant supervisor for defendant Argos USA, LLC ("Argos"), which is a business that produces and distributes cements and aggregates. *Id.* His duties included performing "batch man" duties and working the machine that mixes concrete. *Id.* He also performed work as a driver and timekeeper and occasionally disciplined employees. Dkt. 5. He claims that he was misclassified as exempt from overtime and that he regularly worked more than forty hours a week but did not receive overtime pay. *Id.* He also contends that there were similarly

situated employees who did not receive overtime pay. *Id.* He therefore brought this lawsuit seeking overtime pay under the FLSA for himself and those similarly situated. *Id.*

In his motion for conditional certification, Thomas contends that he knows other plant supervisors who were paid under the same scheme without receiving overtime pay. Dkt. 5. He contends that "the evidence at this stage demonstrates that all Plant supervisors were similarly situated with respect to their working conditions and claims or potential claims against Defendants." *Id.* However, he does not attach an affidavit or any evidence to his motion.

Argos argues that (1) the motion for conditional certification must be denied because it seeks to certify an identical class that was subject to a court-approved settlement in *Joseph Soileau, Jr., et al. v. Argos USA, LLC*, N. 4:18-cv-000848 (S.D. Tex. 2019) (Atlas, J.)[1]; and (2) Thomas provides no declarations or other evidence to support his request for a nationwide class. Dkt. 15. The court agrees that the motion should be denied for the second reason alone and thus need not even consider the first reason. This court has consistently required a showing that other similarly situated individuals want to opt in to the lawsuit. *See, e.g.*, *Thomas v. Huntleigh*, No. H-16-3648, 2018 WL 560403 (S.D. Tex. Jan. 25, 2018) (Miller, J.); *Harron v. Peveto Cos., Ltd.*, No. H-15-766, 2016 WL 3166850, at *2 (S.D. Tex. June 7, 2016) (Miller, J.). Thomas has provided no affidavit or otherwise shown that others desire to join this lawsuit.[2] Thomas's motion for conditional certification is therefore DENIED.

---

[1] Argos contends that Thomas would have received notice of the *Soileau* settlement and that any putative class member in this case would be identical to the putative class members in *Soileau*.

[2] It is possible that there is no evidence of others desiring to opt in because those that wished to join a collective action already did so when the *Soileau* case was being litigated.

Argos presents similar arguments in its motion to dismiss Thomas's collective action allegations. It contends that Thomas has failed to adequately describe the putative class members' job titles, job descriptions, or other information to evidence that they are similarly situated to Thomas. Dkt. 13 (discussing Dkt. 1). Argos filed its motion to dismiss the collective action claims on August 12, 2019, and Thomas did not respond to the motion. Under Southern District of Texas Local Rule 7.4, a motion to which the opposing party fails to respond is treated as unopposed. S.D. Tex. L.R. 7.4. Additionally, the collective action allegations in the complaint do not plausibly indicate that there are other similarly situated individuals who wish to join a collective action. *See* Dkt. 1. Instead, Thomas conclusorily asserts, "upon information an belief," that other "similarly situated" employees worked in excess of forty hours and did not receive overtime pay. *See id.* Thomas does not provide job titles or locations for these allegedly similarly situated employees, and the proposed class definition broadly includes "all persons who . . . worked at any business that was owned, operated, and/or acquired by Defendant, who were not paid overtime . . . ." *Id.* These allegations do not meet the *Twombly/Iqbal* standard of stating a plausible claim for relief with regard to the putative class members. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Bell Atl. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). Accordingly, Argos's motion to dismiss the collective action allegations (Dkt. 12) is GRANTED.

## II. Conclusion

Thomas's motion for conditional certification (Dkt. 5) is DENIED.

Argos's motion to dismiss the collective action claims (Dkt. 12) is GRANTED. The claims Thomas brings on behalf of similarly situated individuals are DISMISSED WITHOUT PREJUDICE.

Signed at Houston, Texas on October 16, 2019.

_____
Gray H. Miller
Senior United States District Judge